IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN B. BURNS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| Vs. | § | |
| | § | CIVIL ACTION No. 4:09-CV-019-BJ |
| | § | |
| DODEKA, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S MOTION TO EXCLUDE UNDISCLOSED WITNESSES AND EVIDENCE AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, STEVEN B. BURNS ("Burns"), files this Motion to Exclude Undisclosed Witnesses and Evidence, and would show the Court:

### FACTS

1.      At the pre-trial conference held on May 25, 2010, Defendant named, for the first time, Courtney Dodd as the "officer of Defendant" who will testify at trial.

2.      Defendant provided disclosures pursuant to Fed. R. Civ. P. 26(a).  A true and correct copy of the disclosures (less the exhibits) is included in the Appendix as Exhibit A, pages 3 through 6.  Courtney Dodd is not disclosed as a person with discoverable information.

3.      Defendant answered Plaintiff's interrogatories, which are included in the Appendix as Exhibit B, pages 7 through 15.  Interrogatory Number 12 and Defendant's response are as follows:

> Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act.

Response:  Defendant objects on the basis of attorney-client privilege and work product doctrine.  Without waiving this objection, Defendant obtains assurances from its attorneys that they are versed in the FDCPA.

4.      Interrogatory Number 15 and Defendant's response are as follows:

Identify by name, position, address and phone number all witnesses Defendant proposes to call to trial.

Response: The names of every witness Defendant intends to call at the time of trial have not yet been determined.  This answer will be supplemented at the time such determination has been made.  At this time, Defendant intends to call an officer of Defendant, identity yet to be determined, as a factual witness.

5.      Defendant did not disclose Courtney Dodd in response to Interrogatory 15. Through counsel, Courtney Dodd was named at the pretrial conference, and confirmed in a letter to Plaintiff's counsel on the same date.  This letter is included in Defendant's filing on May 27, 2010 [document 82-1].

6.      According to the Scheduling Order, the parties were to "cease all discovery activity under the Federal Rules of Civil Procedure on December 15, 2009" [document 30].

## ARGUMENT & AUTHORITIES

7.      If a party, without substantial justification, fails to provide information or identify a witness as required by Rule 26(a)( or (e), or fails to amend a prior response to discovery as required by rule 26(e), the party may not use the testimony from that witness or the undisclosed information as evidence at trial, at a hearing, or in connection with a motion, unless the failure to disclose was harmless.  FED. R. CIV. P. 37(c)(1); *Black v. Columbus Pub. Sch.,* 124 F. Supp. 2d550, 551 (S.D. Ohio 200) (district court refused to consider affidavit submitted by plaintiff's witness in opposition to summary judgment because plaintiff failed to disclose witness during discovery); *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996) (affirming district judge's refusal to permit introduction of charts prepared by plaintiff's expert as rebuttal evidence

at trial of claim on oil and gas lease); *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 679-680 (D. Kan. 1995) (burden of establishing substantial justification or harmlessness is on party who failed to make required disclosure).

8.      Rule 26(e) imposes an ongoing and broad reaching duty to supplement or correct disclosures made during earlier stages of the case, as well as imposing an ongoing duty to seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is incomplete or incorrect in some material respect, and the corrective information has not otherwise been made known to the other parties. *See* FED. R. CIV. P. 26(e)(1).

9.      In this case, discovery has been closed for more than five months.  The statement that Courtney Dodd would attend trial as a witness for Defendant is a surprise.  Contrary to the assertion that Courtney Dodd is an officer of Defendant, she is actually a paralegal for Weinstein & Riley, P.S. – the national counsel for Dodeka, LLC.  Certainly the fact that Ms. Dodd is employed by the national counsel for Dodeka, LLC is nothing new, as Dodeka's counsel noted that in the Report of Formal Settlement Conference that it filed on November 12, 2009 [document 40].  Never has the undersigned ever been involved in a case where a paralegal employed by the national counsel for an entity has attempted to serve as a witness for the firm's client.  Defendant's attempt to designate Courtney Dodd as an "officer of Defendant" is as incomplete as it is misleading.  She should not be allowed to testify at trial.  Never has Dodeka provided any facts regarding the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act, as requested in Interrogatory 12.

10.     The only "officer" Dodeka, LLC has designated is Holly Chaffin. A certified copy of the Texas Franchise Tax Public Information Report is included in the Appendix as Exhibit C, pages 16-17.

11.     In addition to or in lieu of an evidence preclusion sanction, the court may impose other sanctions if a party, without substantial justification, violates its disclosure obligations pursuant to Rule 26(a) or its duty to supplement disclosures and amend prior discovery responses under Rule 26(e), and fails to show that the violation was harmless. FED. R. CIV. P. 37(c)(1).

12.     The sanctions which are authorized in addition to or in lieu of an evidence preclusion sanction include:

- An order requiring the payment of reasonable expenses, including attorney's fees, caused by the failure to make the mandatory disclosure;

- An order directing that the matters to which the disclosure was not made, or other designated facts, be taken as established for the purposes of the action in accordance with the claims of the party seeking disclosure;

- An order prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

- An order striking pleadings in whole or in part;

- An order staying further proceedings until the order is obeyed;

- An order dismissing the action or proceeding in whole or in part;

- An order rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(c)(1); *see also* FED. R. CIV. P. 37(b)(2)(A)(i)-(vi), (c)(1)(B).

13.     Additionally, it is misleading to designate a paralegal, employed by Defendant's national law firm, as an "officer of Defendant." Despite the assertion (in document 82-1) that Interrogatory 15 has been supplemented, the answer is incomplete, as it does not provide the position, address and phone number of the witness. Evasive or misleading responses are

encompassed by FED. R. CIV. P. 37(d). *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 n.1 (5th Cir. 1990) (FED. R. CIV. P. 37(d) supported sanctions against plaintiff who supplied wrong version of liability release form in response to request for production of documents); *E.E.O.C. v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987) (sanctions imposed against party who tendered incomplete, dated, and misleading data in response to clear request for production of documents); *Fautek v. Montgomery Ward & Co.*, 96 F.D.R. 141, 145 & n.5 (JN.D. Ill. 1982) (awarding attorney's fees and costs when response contained serious misrepresentations and failed to provide material requested). Sanction may be imposed for failure to properly answer interrogatories even if the failure was not willful or in bad faith. Burnett v. Venturi, 903 F. Supp. 304, 308 (N.D.N.Y. 1995) (FED. R. CIV. P. 37(d) sanctions apply even in cases not rising to level of willfulness); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031-1032 (5th Cir. 1990) (affirming award of attorney's fees for failure to answer interrogatories, and for unintentional production of incorrect version of document); *E.E.O.C. v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987) (sanctions are appropriate once failure to comply with discovery request has been established); *Fautek v. Montgomery Ward & Co.*, 96 F.D.R. 141, 145 & n.5 (JN.D. Ill. 1982) (awarding attorney's fees and costs even though unclear that failure to respond with complete and accurate production was result of anything worse than negligence).

14.     Plaintiff contends that Defendant's failure to properly answer and supplement its discovery responses warrants the exclusion of the testimony of Courtney Dodd. However, Plaintiff is also mindful that such matters are within the sound discretion of the Court. Should the Court wish to consider a remedy other than the preclusion of testimony by Courtney Dodd,

then Plaintiff urges the Court to consider that Ms. Dodd appear for deposition, in Fort Worth, Texas, with the cost of the proceeding (including attorney fees) to be borne by Defendant.

For the reasons stated above, Plaintiff, Steven B. Burns, requests that this Court preclude the presentation of Courtney Dodd as a witness at the trial of this case; preclude the presentation of any facts regarding the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act; or to fashion an appropriate sanction against Dodeka, and for any other relief to which he is entitled.

Respectfully submitted,

/s/ Jerry J. Jarzombek

_____

Jerry J. Jarzombek
Texas Bar No. 10589050
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## CERTIFICATE OF CONFERENCE

I certify that on the 28th day of May 2010, I attempted to confer with Scott Wheatley regarding the merits of this motion. A message was left for Mr. Wheatley, but he did not return the call.

/s/ Jerry J. Jarzombek

_____

Jerry J. Jarzombek

## CERTIFICATE OF SERVICE

I certify that on the 28th day of May 2010, I complied with all service and notice requirements, serving the forgoing document via facsimile to the following:

Scott Wheatley                          *Via facsimile 817-334-7290*
301 Commerce Street, Suite 2400
Fort Worth, Texas 76102
Counsel for Defendant, Dodeka, LLC


*/s/ Jerry J. Jarzombek*

Jerry J. Jarzombek                                                   -