IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN B. BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | |
| | § | Civil Action No. 4:09-CV-019-BJ |
| | § | |
| DODEKA, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE UNDISCLOSED WITNESSES AND EVIDENCE AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, STEVEN B. BURNS ("Burns"), files this Reply to Defendant's Response [document 85] to Plaintiff's Motion to Exclude Undisclosed Witnesses and Evidence [document 83], and would show the Court:

### INTRODUCTION

1. The introduction to Defendant's response seeks to put the burden of identifying Defendant's testifying witness upon the Plaintiff. Defendant begins by identifying the parties, and making the assertion that Plaintiff could not be surprised that it would call a corporate representative – a corporate representative who purportedly ascended to "officer" status on May 10, 2010. *Def. Mem. p.1; Def. Appx. p. 16.* At the pre-trial conference held on May 25, 2010, Defendant named, for the first time, Courtney Dodd as the "officer of Defendant" who will testify at trial. However, as of the time this Reply is filed, Defendant has never formally supplemented its disclosures pursuant to Fed. R. Civ. P. 26(a), or responses to interrogatories.

2. Defendant fails to provide any explanation for the lack of supplementation. Rather, Defendant wants this Court to determine that the burden was on the Plaintiff to conduct discovery of unidentified witnesses. The only corporate representative ever disclosed to any regulatory authority in Texas was Holly Chaffin. By Defendant's own admission, Courtney Dodd did not attain the rank of "officer" until May 10, 2010. Ms. Dodd is employed by the national counsel for Dodeka, LLC, and Dodeka's counsel noted that in the Report of Formal Settlement Conference that it filed on November 12, 2009 [document 40]. If her status changed, Defendant was under a duty to supplement its discovery responses, and it failed to do so. Dodeka has cited no authority, nor has Plaintiff found any, that requires an opponent to complain of inadequate discovery responses that could preclude the testimony of an adverse witness.

3. More of Defendant's attempts to place its discovery burden are illustrated by the statements that "[i]f Plaintiff was actually concerned about Dodeka's testimony, be would have sent a 30(b)(6) deposition notice to Dodeka, thereby forcing Dodeka to designate a corporate representative." *Def. Mem. p.3.* Perhaps a more accurate synopsis of the facts would be: if Dodeka was actually concerned about Dodeka's testimony, it would have identified such an "officer" within the discovery period, or supplemented discovery in a timely fashion. There is no burden on any party to take depositions when his opponent has not designated who might testify or to "force" a party to identify its witnesses.

### ARGUMENT & AUTHORITIES

4. Defendant is grasping at straws; it has failed to explain why the disclosure of Courtney Dodd as an officer – which, according to her affidavit, she became as of May 10, 2010. Prior to receiving Dodeka's response, she has been a paralegal for Dodeka's national counsel – and so designated on reports filed in this case. *See document 40.*

5. The rule is clear: If a party, without substantial justification, fails to provide information or identify a witness as required by Rule 26(a)( or (e), or fails to amend a prior response to discovery as required by rule 26(e), the party may not use the testimony from that witness or the undisclosed information as evidence at trial, at a hearing, or in connection with a motion, unless the failure to disclose was harmless. FED. R. CIV. P. 37(c)(1); *Black v. Columbus Pub. Sch.*, 124 F. Supp. 2d550, 551 (S.D. Ohio 200) (district court refused to consider affidavit submitted by plaintiff's witness in opposition to summary judgment because plaintiff failed to disclose witness during discovery); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (affirming district judge's refusal to permit introduction of charts prepared by plaintiff's expert as rebuttal evidence at trial of claim on oil and gas lease); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 679-680 (D. Kan. 1995) (burden of establishing substantial justification or harmlessness is on party who failed to make required disclosure).

6. Nothing in Dodeka's response provides any justification for the failure to supplement discovery responses. What Dodeka misses is that discovery closed per the Scheduling Order on December 15, 2009 [document 30]. Courtney Dodd was not an "officer" until May 10, 2010 according to her affidavit. Dodeka failed to identify any trial witness whatsoever (by providing the name, position, address and phone number) as requested, and *still has not done so*. Courtney Dodd maintains a a "myspace" page, wherein she tells the world that she is a paralegal for Weinstein & Riley, P.S. in Seattle, Washington. A copy of the relevant portion of her myspace page is included in the Appendix as Exhibit A, pages 3-4. (Photos and other identifying information found on the myspace web page has been intentionally omitted). This draws into question the timing of her designation as an "officer." Further, Plaintiff objects

to Exhibit C-1 to the Dodd affidavit as lacking authentication, being hearsay and conclusory. The affidavit itself is conclusory, based a hearsay, and lacking foundation. Court should not consider Exhibit C or C-1.

7. Similarly deficient is Dodeka's supplementation of its response regarding its bona fide error defense. Dodeka's claim that it "obtains assurances from its attorneys that they are versed in the FDCPA" is woefully shy of a response that asked Dodeka to describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act. Claiming that it has provided a manual *(Def. Mem. p. 6)* does nothing to describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act.

8. Dodeka has done nothing to explain the failure to supplement its responses. Rather than offer a reason, it has chosen to complain about the Plaintiff. Dodeka has done nothing to explain why FED. R. CIV. P. 37(d) should not apply. See, *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1031 n.1 (5th Cir. 1990) (FED. R. CIV. P. 37(d) supported sanctions against plaintiff who supplied wrong version of liability release form in response to request for production of documents); *E.E.O.C. v. Sears, Roebuck & Co.,* 114 F.R.D. 615, 626 (N.D. Ill. 1987) (sanctions imposed against party who tendered incomplete, dated, and misleading data in response to clear request for production of documents); *Fautek v. Montgomery Ward & Co.,* 96 F.D.R. 141, 145 & n.5 (JN.D. Ill. 1982) (awarding attorney's fees and costs when response contained serious misrepresentations and failed to provide material requested). Sanction may be imposed for failure to properly answer interrogatories even if the failure was not willful or in bad faith. *Burnett v. Venturi,* 903 F. Supp. 304, 308 (N.D.N.Y. 1995) (FED. R. CIV. P. 37(d) sanctions apply even in cases not rising to level of willfulness); *Coane v. Ferrara Pan Candy*

*Co.*, 898 F.2d 1030, 1031-1032 (5th Cir. 1990) (affirming award of attorney's fees for failure to answer interrogatories, and for unintentional production of incorrect version of document); *E.E.O.C. v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987) (sanctions are appropriate once failure to comply with discovery request has been established); *Fautek v. Montgomery Ward & Co.*, 96 F.D.R. 141, 145 & n.5 (JN.D. Ill. 1982) (awarding attorney's fees and costs even though unclear that failure to respond with complete and accurate production was result of anything worse than negligence).

9. If Dodeka were to produce Holly Chaffin as its "officer" at trial, then it would be accurate to say that Plaintiff would not be prejudiced. Plaintiff's counsel is familiar with Holly Chaffin. Further, Dodeka disclosed her in documents that if filed with the State of Texas. A certified copy of the Texas Franchise Tax Public Information Report is included in the Appendix as Exhibit B, pages 5-6. But those are not the facts here. Dodeka says that "Dodd is the only witness Dodeka intends to bring to trial. ... The exclusion of Dodeka's testimony through Dodd essentially amounts to a default judgment against Dodeka." *Def. Mem. p.5*. If Dodd, is the only witness, the Dodeka has accurately described its predicament. In a palliative measure, Dodeka then suggests "a short continuance to cure the alleged prejudice by allowing Plaintiff to conduct the discovery he neglected to conduct in the first place is readily available." *Id.*

10. Here again, Defendant complains that Plaintiff failed at something, and refuses to explain why its responses were not supplemented. Plaintiff is, however, mindful of something that neither party has mentioned in their respective briefs: "The standard of review for discovery matters is steep." *United States v. Holmes*, 406 F.3d 337, 357 (5th Cir.2005). The district court's administration of discovery rules will not be reversed unless the appellant shows an abuse of discretion that prejudiced his substantial rights. *Id.*

11. Plaintiff believes that he is entitled to the relief he has requested. However, this Court may select another means of determining this issue. This is why Plaintiff enumerated alternatives to, or in lieu of, an evidence preclusion sanction in its Motion, and restates them here:

- An order requiring the payment of reasonable expenses, including attorney's fees, caused by the failure to make the mandatory disclosure;

- An order directing that the matters to which the disclosure was not made, or other designated facts, be taken as established for the purposes of the action in accordance with the claims of the party seeking disclosure;

- An order prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

- An order striking pleadings in whole or in part;

- An order staying further proceedings until the order is obeyed;

- An order dismissing the action or proceeding in whole or in part;

- An order rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(c)(1); *see also* FED. R. CIV. P. 37(b)(2)(A)(i)-(vi), (c)(1)(B).

12. Again, Plaintiff believes that he is entitled to the requested relief of exclusion. Defendant's failure to explain the lack of supplementation, the fact that the discovery is still not properly supplemented, and the attempt to impose a non-existent burden on Plaintiff certainly justifies exclusion of Courtney Dodd as a witness. However, to be reasonable, Plaintiff would think that perhaps the Defendant can produce its officer for deposition at its own expense, with costs and fees to be borne by Defendant. A short continuance would be in order to allow this discovery to take place.

For the reasons stated above, Plaintiff, Steven B. Burns, requests that this Court preclude the presentation of Courtney Dodd as a witness at the trial of this case; preclude the presentation

of any facts regarding the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act; or to fashion an appropriate remedy to allow the deposition of Courtney Dodd and continue the case for a short time, or for any other relief to which he is entitled.

Respectfully submitted,

/s/ Jerry J. Jarzombek

Jerry J. Jarzombek
Texas Bar No. 10589050
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## CERTIFICATE OF SERVICE

I certify that on the 7th day of June 2010, I complied with all service and notice requirements, serving the forgoing document via facsimile to the following:

Scott Wheatley                *Via facsimile 817-334-7290*
301 Commerce Street, Suite 2400
Fort Worth, Texas 76102
Counsel for Defendant, Dodeka, LLC

/s/ Jerry J. Jarzombek

Jerry J. Jarzombek